UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STACEY O'NEILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case number 4:06cv0141 TCM |
| | ) |
| MAJOR BRANDS, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Stacey O'Neill ("Plaintiff") alleges in her pending two-count complaint that her former employer, defendant Major Brands, Inc. ("Defendant"), interfered with her rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-2654, by terminating her employment while she was on an approved medical leave of absence (Count I) and violated the public policy of Missouri by doing so (Count II).[1] Defendant moves to dismiss Count II on the grounds that it is precluded by the exclusive remedies of FMLA. This motion is uncontested.

**Background**

Plaintiff alleges in her complaint that, inter alia, she was employed by Defendant on November 30, 2005, when Defendant granted her a personal medical leave of absence from December 12, 2005, through January 22, 2006. (Compl. ¶ 9.) When on leave, she received

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

a letter immediately terminating her employment. (Id. ¶ 10.) The reasons given in that letter for the termination included "insubordination, failure to maintain her sales route, and prior attendance offenses." (Id. ¶ 11.) These were "fabricated, without foundation." (Id. ¶ 12.) These actions, Plaintiff alleges, violate her rights under the FMLA to return to her employment position at the end of her leave. (Id. ¶ 13.) Plaintiff seeks as remedies for this violation lost wages and benefits, with interest at the legal rate; liquidated damages; attorney's fees; and costs. (Id. at [3].)

Incorporating by reference all but the two jurisdictional paragraphs in Count I, Plaintiff additionally seeks in Count II exemplary damages[2] for Defendant's violation under the FMLA on the theory that Defendant violated the public policy of Missouri by violating the FMLA. (Id. Ct. II, ¶¶ 7-9.)

**Discussion**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed if it fails to state a claim. In considering a Rule 12(b)(6) motion, this Court must assume that all the facts alleged in the complaint are true and must grant the nonmovant every reasonable inference. **Knieriem v. Group Health Plan**, 434 F.3d 1058, 1060 (8th Cir. 2006). "'A motion to dismiss should be granted only if it appears beyond doubt that the plaintiff can prove no set of acts to warrant a grant of relief.'" **Id.** (quoting Gilmore v. County of Douglas, Neb., 406 F.3d 935, 937 (8th Cir. 2005)). "'Thus, as a practical matter,

---

[2]The other remedies sought in Count II are the same as sought in Count I.

a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" **Parnes v. Gateway, Inc.**, 122 F.3d 539, 546 (8th Cir. 1997) (quoting Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982)).

It is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right" under the FMLA. 29 U.S.C. § 2615(a)(1). An employer found liable under the FMLA may be accountable to the employee for lost wages and benefits, plus interest; liquidated damages; attorney's fees; and costs. 29 U.S.C. §§ 2617(a)(1), (3). "The remedies available under the FMLA do not include . . . punitive damages." **Alvarez v. Hi-Temp Inc.**, 2004 WL 603489, * 4 (N.D. Ill. Mar. 4, 2004) (alteration added).

In Missouri, it is unlawful for an employer to discharge an at-will employee, such as Plaintiff, for "(1) refusing to perform an illegal act; (2) reporting violations of law or public policy to superiors or public authorities; (3) participating in acts encouraged by public policy, such as jury duty, seeking public office, or joining a labor union; or (4) filing a worker's compensation claim." **Shuler v. Premium Standard Farms, Inc.**, 148 S.W.3d 1, 6 (Mo.Ct.App. 2004). Accord **Bell v. Dynamite Foods**, 969 S.W.2d 847, 852 (Mo.Ct.App. 1998). These four categories are referred to as the "public-policy" exceptions to Missouri's at-will employment doctrine. **Id.** Plaintiff's allegations in Count II fall within the third

category. If Plaintiff succeeded on Count II, she would be eligible for an award of exemplary, or punitive damages, not available under Count I.

"'Numerous courts have found that Congress intended the 'specific remedies set forth in § 2617 [to] be the exclusive remedies available for a violation of the FMLA.'" **Alvarez**, 2004 WL 603489 at *5 (quoting O'Hara v. Mt. Vernon Bd. of Educ., 16 F.Supp.2d 868, 895 (S.D. Ohio 1998)) (citing five cases) (alteration in original). See also **Cisneros v. Colorado**, 2005 WL 1719755, * 11 (D. Colo. July 22, 2005) (agreeing with the "vast majority of district courts" holding that "the comprehensive detailed enforcement provisions of FMLA show Congress' intent that § 2617 provide the exclusive remedy for a violation of FMLA); **Rosania v. Taco Bell of America, Inc.** 303 F.Supp.2d 878, 881 (N.D. Ohio 2004) (dismissing state tort law claim for punitive damages and holding that "[a]fter a careful review of the . . . cases, and the reasoning contained there, this Court joins those that hold § 2617 provides the exclusive remedies for an employer's violation of the FMLA.") (alterations added); **Johnson v. Honda of America Mfg., Inc.**, 221 F.Supp.2d 853, 858 (S.D. Ohio Sept. 30, 2002) (dismissing wrongful discharge claim on grounds that the FMLA's remedial scheme adequately protected the public policy expressed in the statute and citing four district court cases holding to same effect). "[I]t would be anomalous to allow a plaintiff to bypass the limitations Congress placed on remedies for FMLA violations by permitting a common law tort claim to proceed premised solely on an FMLA violation. Allowing a plaintiff to pursue damages that are precluded by the FMLA conflicts with the 'accomplishment and execution

of the full purposes and objectives of Congress.'" **Alvarez**, 2004 WL 603489 at *5 (quoting Gade v. National Solid Wastes Mg't Ass'n, 505 U.S. 88, 98 (1992)) (alteration added).

Although the question whether a cause of action may lie under the public-policy exception to Missouri's employment at-will doctrine for violations of the FMLA has not been addressed either by the federal district courts in Missouri or by the Eighth Circuit Court of Appeals, in **Prewitt v. Factory Motor Parts, Inc.,**, 747 F.Supp. 560 (W.D. Mo. 1990), the Western District of Missouri addressed the question whether a plaintiff's claim under the public policy exception to Missouri's employment at-will doctrine was precluded by her claim for wrongful discharge under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. **Id.** at 565-66. As in the instant case, the public policy on which the plaintiff relied to avoid the application of the at-will doctrine was the policy underlying the federal statute asserted as the independent cause of action. **Id.** at 565. Thus, "[t]he public policy that would be furthered by a wrongful discharge claim based on a violation of [the FLSA] is fully vindicated by plaintiff's claim in Count I pursuant to the FLSA." **Id.** at 566 (alterations added). "The legislative history of the FMLA reveals that Congress intended the remedial provisions of the FMLA to mirror those in the FLSA." **Arban v. West Publishing Co.**, 345 F.3d 390, 407 (6th Cir. 2003) (citing, inter alia, S.Rep. No. 103-3, at 35 (1993)). Given this intent, the Court finds that the reasoning in **Prewitt** applies to claims under the FMLA.

In the instant case, Plaintiff seeks in both counts to vindicate the public policy of the FMLA. She seeks in Count II, however, damages that are not within the exclusive statutory remedial scheme of the FMLA. Consequently, Count II will be dismissed for failure to state a claim.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Count II is **GRANTED**. [Doc. 5]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  26th  day of April, 2006.